IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 15, 2005

## STATE OF TENNESSEE v. JAMES D. COOKS, JR.

**Direct Appeal from the Criminal Court for Shelby County**
**No. 03-04183     Arthur T. Bennett, Judge**

———————————

**No. W2005-00249-CCA-R3-CD  - Filed November 29, 2005**

———————————

A Shelby County Criminal Court jury convicted the appellant, James D. Cooks, Jr., of assault and theft of property valued less than five hundred dollars, and the trial court sentenced him to consecutive sentences of eleven months, twenty-nine days for each offense.  The appellant appeals, claiming that the evidence is insufficient to support the convictions.  Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. AND J.C. MCLIN, JJ., joined.

Robert Wilson Jones and Tony N. Brayton (on appeal) and William Robilio and Jane Sturdivant (at trial), Memphis, Tennessee, for the appellant, James D. Cooks, Jr.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Stacy McEndree, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I.  Factual Background

Dawda Jallow testified that on March 12, 2003, he was working as the manager of the Exxon Mobile convenience store at 1003 Union Avenue in Memphis.  The appellant came into the store, walked up to a display stand containing digital video discs (DVDs), and put some DVDs in his pants. The appellant then started to walk out of the store.  Jallow asked the appellant if he was going to pay for the DVDs and told the appellant that if he did not pay for them, Jallow was going to telephone the police.  The appellant said, "F****** get out of my face," pulled a knife out of his pocket, and tried to stab Jallow in the head or eye.  The appellant and Jallow wrestled, and a DVD fell out of the appellant's pants.  During the altercation, the appellant cut one of Jallow's fingers.  A store cashier

and a customer helped Jallow subdue the appellant until the police arrived, and the police found another DVD in the appellant's pants. Jallow testified that the price of the DVDs was $12.99 each.

On cross-examination, Jallow testified that while the appellant was standing at the DVD display stand, the appellant was about two to three yards away from him and was turned sideways. He said that it was the store's policy to call the police on shoplifters, not detain them. He said that the DVDs were wrapped in plastic and had a price tag on them.

Tralonda Moore testified that on March 12, 2003, she was working at the Exxon Mobile store. A man walked up to the counter and asked if the store sold Pepsi Blue in a can. Moore told the man that the store did not sell the product. The man walked away but returned to the counter later and asked about Pepsi Blue again. Moore again told the man that the store did not sell Pepsi Blue in a can. Moore saw the man "doing something down his pants," but a cigarette stand was blocking her view. As the man was about to leave, Dawda Jallow asked the man if he was "going to pay for that." The man replied, "[P]ay for what?" Jallow told the man to pay for the item or Jallow was going to call the police. The man cursed at Jallow, pulled out something, and jabbed at Jallow. Another store clerk jumped over the counter, and Jallow and the clerk wrestled the man outside. A store customer helped them subdue the man until the police arrived. Moore testified that the police recovered two DVDs from the man, and she could not identify the appellant as the man who took the DVDs. Moore saw blood on the store floor and stated that Jallow had received two cuts. On cross-examination, Moore testified that the two DVDs came from the store.

Sergeant Marlon Tabor of the Memphis Police Department testified that on March 12, he was on patrol and was dispatched to 1003 Union Avenue. When he arrived, three males were holding down the appellant. Sergeant Tabor did not see anyone punching, hitting, or fighting. He patted down the appellant and put the appellant into a patrol car. Sergeant Tabor found a pocketknife handle in the appellant's pants pocket and one DVD in the back of the appellant's pants. A second DVD was found in the area, and a knife blade was found in a nearby flowerbed. Dawda Jallow had cuts on his hand and was bleeding. The appellant was also injured, and Sergeant Tabor called for an ambulance.

Sergeant Martha Aldridge of the Memphis Police Department testified that on March 12, she was in the Walgreens on Union Avenue. When she came out of the store, a woman flagged her down and told her that someone was fighting at the Exxon across the street. Sergeant Aldridge looked across the street and saw that three or four males appeared to be fighting. Sergeant Aldridge called for backup and drove to the Exxon. When she arrived, Dawda Jallow told her that the appellant had stolen something from the store and had cut him. Sergeant Aldridge handcuffed the appellant, and Sergeant Tabor arrived and frisked him. Sergeant Tabor found a knife handle in the appellant's back pocket and a Wishmaster DVD in the back of the appellant's pants. Someone found a knife blade in a flowerbed. On cross-examination, Sergeant Aldridge testified that the appellant had some cuts and scratches.

Karen Schaver testified that she conducted videotape analysis for the Memphis Police Department. She said that she received and reviewed a videotape collected from the Exxon Mobil convenience store. The tape was too blurry to see anything.

The appellant testified that he pled guilty to multiple counts of theft of property in 1998, 2000, and 2003. He pled guilty in those cases because he committed the crimes. On March 12, 2003, the appellant bought a <u>Wishmaster</u> DVD from a street peddler. He put the DVD in the back waistband of his pants and went into the Exxon to buy a can of Pepsi Blue. He looked for the drink in the cooler but did not find it and walked up to the store counter. The clerk told him that the store carried the product, and the appellant returned to the cooler to look for it. He could not find any Pepsi Blue in a can and returned to the counter. This time, the clerk told him that the store did not sell Pepsi Blue in a can. The appellant turned to leave, and Dawda Jallow asked, "Sir, are you going to pay for what you put in your pocket?" The appellant told Jallow that he did not have anything in his pocket. Jallow blocked the appellant from leaving the store and put his hands on the appellant. The appellant pushed Jallow off of him, and Jallow reached into his right pocket, pulled out a knife, and swung it at the appellant. The appellant went outside, and Jallow and a store clerk followed him. Jallow still had the knife in his hand, and the appellant waived his keys at Jallow in self-defense. The appellant turned to run, and Jallow and the store clerk jumped on him. The three men wrestled, and a customer helped Jallow and the clerk detain the appellant. When the police arrived, they patted down the appellant and found the DVD in his pants. The appellant told the police that the DVD was his.

On cross-examination, the appellant testified that he paid five dollars for the DVD but did not get a receipt. He stated that he was in the Exxon Mobile store for about fifteen minutes and had five dollars when he went into the store. He said that officers later questioned him at the police department and that he offered to give a statement. He acknowledged that on a waiver of rights form, he wrote that he did not want to give a statement. He said that he did not curse at Jallow and that someone planted the DVD on him. He stated that Jallow assaulted him and that the police did not find part of a knife in his pocket. The appellant acknowledged having sixteen prior misdemeanor convictions since 1998 and acknowledged that he was on bond for a theft charge when the police arrested him for the current offenses. He stated that he pled guilty to the earlier crimes because he was guilty but that he was not guilty in this case.

Vernell Cooks, the appellant's wife, testified that she and the appellant had been married for nineteen years but were separated at the time of the crimes in question. On the afternoon of March 12, 2003, the appellant came to Ms. Cooks' house and asked her for money. The appellant had a <u>Wishmaster</u> DVD with him, and the DVD was not wrapped in plastic. Ms. Cooks gave the appellant five dollars. After the appellant's altercation with Dawda Jallow, Ms. Cooks learned that the appellant had been stabbed in his left arm. She said that she would not lie for the appellant.

The State called Sergeant K. Parrish of the Memphis Police Department as a rebuttal witness. Sergeant Parrish testified that on the night of March 12, he read the appellant his rights and had the

appellant read a waiver of rights form. The appellant told Sergeant Parrish that he was not guilty and did not want to give a statement. Sergeant Parrish did not take any money off the appellant's person.

Patricia Hart testified that she supervised inmate accounting at the sheriff's department and was responsible for inmate property. When the appellant was arrested, a watch, wallet, belt, sunglasses, and cap were on his person. No money was in the appellant's wallet. Although the appellant had been charged with aggravated assault and two counts of misdemeanor theft, the jury convicted him of the lesser included offense of assault and one count of theft.

## II. Analysis

The appellant claims that the evidence is insufficient to support the convictions. Specifically, he contends that the State's witnesses gave conflicting testimony and that "[n]o witnesses actually saw Mr. Cooks conceal either DVD in an effort to steal them." The appellant also claims that the State failed to prove that the DVDs were the Exxon's property because the Wishmaster DVD was not shrink-wrapped, had no barcode, and had no price tag on it and because the second DVD had a price tag that was not unique to the Exxon store. The State claims that the evidence is sufficient. We agree with the State.

When an appellant challenges the sufficiency of the convicting evidence, the standard for review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); see Tenn. R. App. P. 13(e). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions concerning the credibility of witnesses and the weight and value to be afforded the evidence, as well as all factual issues raised by the evidence, are resolved by the jury as trier of fact. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh or reevaluate the evidence. Id. Because a jury conviction removes the presumption of innocence with which a defendant is initially cloaked at trial and replaces it on appeal with one of guilt, a convicted defendant has the burden of demonstrating to this court that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Moreover, we note that a guilty verdict can be based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. See State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

In order to convict the appellant of assault, the State was required to show that the appellant intentionally, knowingly, or recklessly caused bodily injury to another. See Tenn. Code Ann. § 39-13-101(a)(1). Theft of property occurs when "[a] person . . . with intent to deprive the owner of property . . . knowingly obtains or exercises control over the property without the owner's effective consent. See Tenn. Code Ann. § 39-14-103.

Despite the appellant's claim that no one saw him take the DVDs, Dawda Jallow testified that he saw the appellant put DVDs in his pants. During Jallow's altercation with the appellant, one

of the DVDs fell out of the appellant's pants.  The police found the <u>Wishmaster</u> DVD still in the appellant's waistband.  Although a photograph of the DVDs shows that the <u>Wishmaster</u> DVD was not shrink-wrapped and did not have a price tag on it, Jallow and Tralonda Moore testified that both of the DVDs belonged to the Exxon store.  Taken in the light most favorable to the State, the evidence is sufficient to support the appellant's conviction for theft.  Moreover, Jallow testified that when he confronted the appellant, the appellant pulled out a knife, swung the knife at him, and cut one of his fingers.  Thus, the evidence is also sufficient to support the appellant's conviction for assault.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE